No. 18,352.

CYRIL P. DICKSON, EXECUTOR, ETC. *v*. ELMER SNYDER.
(340 P. [2d] 125)

Decided June 1, 1959.   Rehearing denied June 22, 1959.

Mr. JAMES E. GRIFFITH, for plaintiff in error.

Mr. Clarence L. Bartholic, for defendant in error.

*En Banc.*

Mr. Chief Justice Knauss delivered the opinion of the Court.

The parties to this writ of error appear here in the same order they appeared in the trial court. We shall refer to them as plaintiff and defendant.

Plaintiff's complaint alleged in three separate claims that defendant withdrew "in the name of Ida V. Yarger" (herein referred to as decedent, or by name) on three separate dates the sum of "about $300" $3100 and $372.96. " * * * and converted such money to his own use." It was further alleged in each claim that defendant acted with malice, willful deceit and a wanton and reckless disregard of decedent's rights and feelings, and plaintiff prayed for exemplary damages. Issue was joined and trial to the court was had which resulted in findings and judgment in favor of defendant, from which plaintiff prosecutes this writ of error.

For reversal it is urged that Ida V. Yarger attempted to dispose of the money in the account "after her death without the necessity and required formalities of a will. Such attempt was abortive and passed nothing to the defendant."

On trial it was agreed that defendant paid bills which he had incurred on behalf of Ida V. Yarger in the sum of $252.29 out of the $372.96 withdrawal.

No question is raised concerning the mental capacity of decedent. It appears that she had a savings account in the Citizens Savings Bank of Denver and that approximately two and a half months prior to her demise on June 7, 1953, she made her account in said bank a joint one with defendant, her nephew and trusted friend. In each instance when the funds involved here were

withdrawn, decedent signed the withdrawal slip. The actual banking was done by defendant.

Shortly after plaintiff was named executor of the estate of Ida V. Yarger he caused a citation to be issued against defendant to discover assets which he claimed belonged to the estate and were held by defendant. At this hearing defendant testified and claimed that the withdrawals, with the exception of funds used to pay decedent's bills, were gifts from Ida V. Yarger to him.

In the instant case plaintiff offered in evidence the probate file of the Denver County Court in the Yarger estate and a transcript of the testimony given in that court by defendant. The original bank book, the withdrawal slips, copies of the will and codicils thereto executed by Ida V. Yarger, and other exhibits were also offered.

Decedent's estate in the hands of plaintiff consisted of assets valued at approximately $8,000.

At the conclusion of plaintiff's case defendant's counsel moved for a dismissal of the complaint, ruling upon which motion was deferred by the trial judge until the defendant had an opportunity to present his defense. Witnesses were called and testified. The findings of the trial court stated: "The first withdrawal was dated April 6, 1953 in the amount of $300.00 and with which amount we are not particularly concerned here. The next withdrawal was in the amount of $3100, dated May 22, 1953 and at the time that the decedent signed this withdrawal slip the body of the slip had been filled in by someone other than the defendant. The defendant testified at the time decedent gave him this withdrawal slip, she stated: 'This is for you. I want you to have this,' The third withdrawal was in the amount of $372.96, and this figure was filled in by the defendant, and this amount caused the account to be closed out. * * * the evidence indicates and the parties hereto agreed, that she [decedent] was a lady who knew her own mind as to how she wished to dispose of her property. * * * There is no evidence in

this case to justify the contention of the plaintiff that the sole purpose of the transaction was to avoid a probate of the will as was the situation in the Urbanich case, supra. There is no evidence of fraud or of undue influence or of mental incompetency on the part of the decedent, nor was any such contention made; and the only conclusion to be derived from the circumstances of this case is that the delivery of the signed withdrawal slips by the decedent constituted valid gifts inter vivos to the defendant."

The reason for the trial court stating that he was not concerned with the $300 withdrawal was that the evidence in the county and district courts disclosed that when that sum was withdrawn defendant was ill and the transaction was handled by his wife 'who got the money for her' [Ida V. Yarger]."

■ Plaintiff's claims were predicated on "conversion" by defendant of the funds voluntarily placed in joint tenancy with defendant by Ida V. Yarger. Obviously there was no conversion of these funds by defendant under the proofs submitted.

■ No attack is made on the transaction by which decedent placed her account in joint tenancy with defendant. The facts in evidence lead clearly to the legal conclusion that if no withdrawals had been made from the joint account during decedent's lifetime it would by operation of law have become the sole property of defendant.

It was the duty of the trial court to evaluate the evidence and make findings of fact and this the trial court did with clarity. These findings are amply supported by competent evidence, hence the judgment is affirmed.

MR. JUSTICE SUTTON not participating.